# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UVALDO CRUZ,<br><br>　　　　　　　　　　Petitioner,<br>vs.<br><br>HARRISON, Warden,<br><br>　　　　　　　　　　Respondent. | CIVIL NO. 05CV1925-DMS (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

　　　Uvaldo Cruz (hereafter "Petitioner"), a state inmate proceeding *pro se* and in forma pauperis, was convicted of rape, sexual battery and false imprisonment by a San Diego County jury. (Lodgment 1 at 5-7, 14-26, 80-81.) Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One, which affirmed the judgment of conviction against Petitioner. (Lodgments 5, 7, 8.) Petitioner sought review of the California Court of Appeal's opinion. (Lodgment 9.) The California Supreme Court denied the petition for review on July 13, 2005. (Lodgment 10.)

　　　On October 7, 2005, pursuant to 28 U.S.C. § 2254, Petitioner filed a Writ of Habeas Corpus (hereafter "Petition") raising two claims: (1) that the California Court of Appeal (hereafter "state appellate court") improperly concluded that the trial court's error in proceeding with closing arguments was harmless beyond a reasonable doubt, and (2) the state appellate court improperly concluded that the Petitioner's claim of prosecutorial misconduct was foreclosed due to counsel's failure to contemporaneously object to a comment of the prosecutor during closing arguments.

(Petition at 10.)

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C § 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California. After reviewing the Petition, Respondent's Answer (hereafter "Answer"), and all supporting documents by the parties, it is **RECOMMENDE**D that the Court **DENY** the Petition with prejudice.

## I.
## STATEMENT OF FACTS

The relevant facts are based upon the state appellate court unpublished opinion affirming Petitioner's conviction. (Lodgment 8, at 2-4.) In accordance with *Harman v. Summer* 120 F.3d 157, 161 (9th Cir. 1997), federal courts must give deference to the factual findings of state courts, which are presumed correct for the purpose of habeas corpus review. Pursuant to 28 U.S.C. § 2254(e)(1), Petitioner has "... the burden rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Summer v. Mata*; 449 U.S. 539, 545-47 (1981). Based upon the aforementioned, the facts are as follows:

> In the summer of 2003, Petitioner met the victim, Amber W. ("Amber"), at a hardware store. Amber gave Petitioner her telephone number and Petitioner called Amber approximately 10 times over a three week period. The conversations lasted approximately 15 to 20 minutes each, sometimes less.
>
> On July 13, 2003 at approximately 1:15 a.m., Petitioner telephoned Amber asking her to stop by Chase Field in Carlsbad about five minutes away from where Amber was situated. Amber agreed to meet with Petitioner and arrived at Chase Field five minutes later. After speaking to Petitioner through her car window for approximately 20 minutes, Amber agreed to drive Petitioner and two of his friends to a convenience store. Petitioner and his friends had been drinking. Amber then drove the group back to the park. There, Petitioner's friends exited the car, leaving Amber and Petitioner alone in the car. Petitioner then asked Amber to stay a little while longer so they could talk; she agreed. Amber then proceeded to drive her car around the corner and park.
>
> After they talked for about five minutes, Petitioner leaned over and kissed Amber. She did not return the kiss and stated she had to leave. They talked a short while longer, and Petitioner began kissing her again. He then

> leaned over and put her seat in a reclining position. Amber told petitioner to get off of her and repeated that she had to go home. Petitioner pinned Amber's hands on his neck and shoulder, unbuttoned her pants, and inserted his penis into her vagina. Amber repeatedly told Petitioner to stop and struggled to get away. After the rape, Petitioner got out of the car and Amber drove home. Later that night Amber spoke by telephone to a friend and told her she had been raped. The next day she reported the rape to the police. She was taken to a hospital and underwent a sexual assault examination. The examination revealed injuries that were consistent with non-consensual sex. The police subsequently recovered Petitioner's DNA from a stain on the driver's seat of Amber's car.

(Lodgment 8 at 2-4.)

## II.

## STATE PROCEDURAL AND FACTUAL BACKGROUND

On February 9, 2004, a jury found Uvaldo Cruz guilty of rape (Cal. Penal Code § 261, subd.(a)(2)), sexual battery by restraint (Cal. Penal Code § 243.4, subd.(a)), and false imprisonment by violence, menace, fraud, and deceit (Cal. Penal Code §§ 236, 237, subd.(a)). (Lodgement 8 at 1.) After Petitioner waived his right to a jury trial on the prior-conviction allegations, the trial court found Cruz had one prior prison-term conviction (Cal. Penal Code §§ 667.5(b), 668), one violent felony prior prison term conviction (Cal. Penal Code § 667.5(a)), one serious felony prior conviction stemming from a 1999 robbery conviction, (Cal. Penal Code §§ 667(a)(1), 668, 1192.7(c)), and one prior strike conviction (Cal. Penal Code §§ 667(b)-(i), 668, 1170.12.) (Lodgment 1 at 5-7, 95.) On April 13, 2004, the trial court sentenced Petitioner to a total term of seventeen years in state prison. (Lodgment 1 at 80-81, 97.)

Petitioner appealed his conviction to the state appellate court, raising two arguments: (1) Petitioner's Sixth Amendment right to a fair trial was violated when the trial court proceeded with closing argument in Petitioner's absence; and (2) the prosecutor committed misconduct by improperly vouching for a witness during closing argument, and Petitioner's failure to raise a timely objection at the time of trial did not forfeit his claim on appeal because it is unlikely that an

1   admonition to the jury would have eliminated any prejudice. (Petition at 11 -14.)

**A.    Closing Arguments In Petitioner's Absence**

On the morning of the third day of trial, the prosecutor began her closing argument. (Lodgment 8 at 4.) After she had been speaking for only a few minutes, defense counsel requested a sidebar conference. The trial court excused the jury. Defense counsel thereafter informed the court that Petitioner was requesting a continuance of the trial and that new counsel be appointed to represent him. *See People v. Marsden*, 2 Cal. 3d 118 (Cal. 1970). The court denied these requests, and thereafter took a short recess. (Lodgment 8 at 4-5.)

During the recess, the bailiff informed the court that Petitioner was found lying on the floor of his holding cell and was unresponsive. (Lodgment 8 at 5.) Deputies attempted, but were unable, to take his blood pressure so jail medical personnel were summoned. The bailiff advised the court that Petitioner might be taken to the hospital. The court thereafter ordered that trial would be in recess until 1:30 p.m. that afternoon. At approximately 1:30 p.m., the court took the bench. Outside the presence of the jury, the following proceedings occurred regarding Petitioner's absence:

| The Court: | Mr. Cruz is presently at the hospital. He's due to be released, however, he's been given medication and I am told he's sort of sedated. Here is what I would like to do. I would like to proceed with having Deputy Stegner tell us what happened as best he can remember this morning, and then over objection tell us about the phone call he got from Deputy Rachel Martinez who was at the hospital. |
|---|---|
| Deputy Stegner: | This morning, after we finished our morning break, I went to retrieve Mr. Cruz from the holding cell, and I opened the door, and I saw him laying in a semi-fetal position on the floor in the corner, and he was moving and groaning somewhat. I walked in, after securing all my equipment, and asked him what the problem was, if |

...

he was in pain and where was the pain. He was unresponsive to my inquiries and just continued to lay there rigid.

We then determined, since he wasn't going to talk to us, it would be advisable to call the jail nurse. The jail nurse came up and basically came to the same conclusion, could not take a blood pressure test on Mr. Cruz, and he was very rigid. We checked his pulse. He had a strong pulse. There were no visible signs of injury.

The jail nurse recommended that we probably notify paramedics. They came and tried to get some responsiveness from Mr. Cruz to no avail, and so they put him on the gurney and transported him to Tri-City hospital.

After evaluation, I just received a call from Sergeant Mica, who talked to Deputy Martinez, who accompanied Mr. Cruz to the hospital, and after giving him some sedatives to calm him down, they did some examinations, some tests, and there appears to be no injuries or nothing wrong with him, and so now he's being transported back to the jail from the hospital.

The Court:        I realize it's triple hearsay, but evidently the doctor at the hospital said something to the deputy, which was relaid [sic] to you. Tell us what that is and how it's relaid [sic] to you.

Deputy Stegner:   It was relaid [sic] he was manipulating the system.

The Court:        This was said by a doctor in the hospital?

Deputy Stegner:   Apparently so, yes.

The Court:        If anyone wants to ask questions of the deputy, fine. I think I have to take the whole thing in context when this came up and in relationship to the denial of the *Marsden*. Clearly Mr. Cruz is not a well-educated man and not particularly articulate, and I could tell he was very

> stressed this morning. Unless there's something else to consider, I am convinced by a preponderance of the evidence that he's voluntarily excused himself.

(Lodgment 8 at 5-6.) A discussion ensued, and defense counsel formally objected to holding closing arguments in Petitioner's absence and requested that the trial be continued. (Lodgment 8 at 6.) The court denied this request. (Lodgment 8 at 7.) The jury then returned to the courtroom, and the court admonished the jurors as follows:

> Thank you for your patience. Mr. Cruz is not present. He was taken to a local hospital this morning for observation. You are not to speculate about why he went to the hospital and when he will be back. He won't be back this afternoon. Clearly his presence or absence has absolutely nothing to do with whether someone is guilty or not guilty.

(Lodgment 8 at 7.) Counsel thereafter proceeded to give their closing arguments, and the jury was instructed. The jury then left the courtroom to begin their deliberations. Around 2:40 p.m., Petitioner returned to the courtroom. The court inquired as to how Petitioner was feeling, and Petitioner responded "[k]ind of weak." He advised the court that he had been given medication to calm him down. (Lodgment 8 at 7.) Petitioner remained in the courtroom and five minutes later the jury returned with its guilty verdicts. (Lodgment 8 at 8.)

**B.    Comments Of The Prosecutor During Closing Argument**

During closing argument, defense counsel stated:

> "Of course, once you made the accusation of rape, it's virtually impossible to take it back. It is truth. Theoretically, she could have said after the preliminary hearing going on and said, you know what? It's a false accusation. He's not guilty. I want to drop the whole thing. Well, then you would be facing charges of, hum, did you lie to the police officer? You gave false information to the police officer. We wasted all this time and money. Now you will get prosecuted for lying to a cop. Once you embark on something like this you can't get off the train. It keeps going and going until we have a trial like this."

(Lodgment 8 at 15.)

In her rebuttal closing argument, the prosecutor stated:

> "There are two areas in [defense counsel's] closing argument I will address in the next eight to thirteen minutes, two areas. Both of us have been doing this a long time as you can tell by our gray hair, but there's two area's that he opened the door that I am going to address now because I have the burden.
>
> [¶]....[¶]
>
> "Second opening, at any given point Miss [W.] could have said to the prosecutor, 'I lied.' And then the prosecutor would have said to the victim, Amber [W.], 'Oh well, you reported it.' That's a false charge. That's like really serious, reporting false information. And then I put up Amber [W.] on the stand. 'I swear to tell the truth, the whole truth and nothing but the truth,' and put a hoax on a jury? State Bar License 128937 is mine. June 1987."

(Lodgment 8 at 16.)

After the verdict was returned, Petitioner filed a motion for a new trial. Petitioner argued that the prosecutor committed misconduct during her rebuttal closing argument by suggesting that she was putting her license to practice law on the line to vouch for the credibility of witness, Amber [W.]. The people filed an opposition to Petitioner's motion arguing that Petitioner failed to make a timely objection and that the prosecutor had not improperly vouched for the credibility of Amber [W.]. (Lodgment 8 at 16.) The trial court heard argument on Petitioner's motion for a new trial and noted that, if Petitioner had made a timely objection to the comments, the court could have cured any prejudice that may have been caused by the prosecutor's statements. The trial court also failed to find that the prosecutor's statements vouched for a witness. ([Lodgment 8 at 17. )

## III.

**THE STATE APPELLATE COURT'S ADJUDICATION OF PETITIONER'S CLAIMS**

**A.     Petitioner's Sixth Amendment Right To A Fair Trial**

In adjudicating Petitioner's Sixth Amendment claim, the California Court of Appeal

reviewed the law with respect to a criminal defendant's right to be present at trial, acknowledging that the right, while not absolute, is protected under the California state and federal Constitutions. (Lodgment 8 at 8.) The state appellate court explained that it would apply a *de novo* standard of review when considering whether the trial court erred in concluding that Petitioner voluntarily absented himself from trial. (Lodgment 8 at 9.) Considering the merits of Petitioner's case, the state appellate court determined that the trial court concluded that Petitioner voluntarily absented himself from the trial based on a single, third-hand, hearsay statement from an unnamed doctor who opined that Petitioner was manipulating the system. (Lodgment 8 at 13.) In reliance on *United States v. Watkins*, 983 F.2d 1413, 1420 (7th Cir. 1993) and *People v. Hines*, 15 Cal. 4th 997, 1039-40 (Cal. 1997), the state appellate court held that a solitary hearsay statement from a physician with whom the trial court had not personally spoken was not a sufficient basis on which to conclude that Petitioner had voluntarily absented himself from trial. (Lodgment 8 at 10-13.) Accordingly, the state appellate court concluded that the trial court erred in allowing trial to proceed in Petitioner's absence. (Lodgment 8 at 14.)

Applying the standard of prejudice enunciated in *Chapman v. California*, 386 U.S. 18 (1967), the state appellate court held that the trial court's error in continuing with closing arguments in Petitioner's absence was harmless beyond a reasonable doubt. (Lodgment 8 at 14-15.) Specifically, the state appellate court explained that there was nothing in the record to suggest that Petitioner would have been able to assist his counsel in any way during closing arguments. (Lodgment 8 at 15.) The state appellate court also rejected Petitioner's argument that the jury could have held his absence against him, noting that the trial court instructed the jury that Petitioner was hospitalized and that his absence was unrelated to the question of his innocence or guilt. Accordingly, the state appellate court concluded that the trial court's admonition to the jury was an adequate safeguard against any prejudice that may have resulted from potential speculation

on the reason for Petitioner's absence. (Lodgment 8 at 15.)

**B.     Petitioner's Claim Of Prosecutorial Misconduct**

In considering Petitioner's claim that the Prosecutor committed misconduct by implying during closing argument that she would stake her law license on the veracity of the prosecution's star witness, the state appellate court recognized it is well-established that a prosecutor commits misconduct by improperly vouching for the credibility of a witness. (Lodgment 8 at 17.) The state appellate court further explained that the law is equally well-established in requiring a defendant to make a timely objection to impermissible conduct where an admonition by the trial court will provide an opportunity to cure potential prejudice. (Lodgment 8 at 18.) The state appellate court added that a defendant's motion for a new trial does not preserve a prosecutorial misconduct objection because it forecloses the trial court's opportunity to make a curative admonition. *Id.*

The state appellate court found the prosecutor's reference to her state bar license number during rebuttal closing argument was improper. (Lodgment 8 at 18.) Specifically, the state appellate court concluded that the prosecutor's comments could have been construed by a reasonable juror as suggesting that the prosecutor was willing to stake her license to practice law on the assumption that Amber W.'s testimony was truthful. Nevertheless, the state appellate court rejected Petitioner's claim of prosecutorial misconduct because Petitioner failed to object to the prosecutor's comments during trial. (Lodgment 8 at 19.) The state appellate court explained that, if Petitioner had objected at the time of trial, the trial court could have admonished the jury not to construe the prosecutor's comments as lending any credibility to Amber W.'s testimony. *Id.*

///

///

///

**IV.**

**FEDERAL PROCEEDINGS**

Petitioner filed his Petition for Writ of Habeas Corpus on October 7, 2005. [Doc. No. 1.] The Petition presents the following claims: (1) Petitioner argues the trial court erred in continuing with closing argument without Petitioner and that the error was prejudicial; and (2) Petitioner claims the prosecutor committed misconduct by improperly vouching for a witness and that his failure to raise an objection at the time of trial did not forfeit his claim on appeal because it is unlikely that any admonition to the jury would have eliminated the prejudice. (Petition at 2.)

On March 27, 2006, Respondent answered, contending that Petitioner's claim should be denied because: (1) the state appellate court's adjudication of Petitioner's claim was not contrary to, and did not involve an unreasonable application, of clearly established Supreme Court precedent; (2) the state appellate court's adjudication was not based on an unreasonable determination of the facts; and (3) Petitioner procedurally defaulted his claim of prosecutorial misconduct; further, the prosecutor's rebuttal argument included no "vouching." (Answer at p. 6 and p. 14.)

**V.**

**DISCUSSION**

The Court finds Petitioner is not entitled to habeas relief because Petitioner has failed to demonstrate that the state appellate court's conclusion was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts.

In addition, the Court finds that Petitioner has failed to establish actual prejudice or a fundamental miscarriage of justice that would override the procedural bar precluding federal habeas corpus review of Petitioner's claim of prosecutorial misconduct. Therefore, it is recommended that Petitioner's application for a writ of habeas corpus be **DENIED** with prejudice.

**A.     Scope of Review**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C.A. § 2254(a) (West 1994) (*emphasis added*).

This Petition is governed by the provisions of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West Supp. 2005).

A state court's decision may be "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court

identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. Alternatively, an unreasonable application may be found, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*

"[A] federal habeas court may not issue the [habeas] writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *Williams,* 529 U.S. at 412.

Finally, habeas relief is also available if the state court's adjudication of a claim, "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West Supp. 2005). In order to satisfy this provision, Petitioner must demonstrate that the factual finding upon which the state court's adjudication of his claim rests, assuming it rests on a factual determination, is unreasonable. *Torres v. Prunty,* 223 F.3d 1103, 1108 (9th Cir. 2000).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state-court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Van Lynn v. Farmon*, 347 F.3d 735 (9th Cir. 2003). However, if the dispositive state court order does not "furnish a basis for its reasoning," the federal court considering the habeas petition must conduct an independent review of the record to determine whether the state court unreasonably applied controlling federal law. *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir. 2000). In *Delgado*, the court articulated that, "[o]nly by that examination may we determine

whether the state court's decision was objectively reasonable." *Id.* *Delgado* does not, however, determine which prong of § 2254(d)(1) ("contrary to" or "unreasonable application of" clearly established federal law) applies to such cases.  Because there is no reasoned decision from the California Supreme Court, this Court must "look through" to the last reasoned state court opinion by the state appellate court as the basis for analysis.  *Ylst*, 501 U.S. at 806.

### B. Continuance of Closing Arguments in Petitioner's Absence

Petitioner asserts that the state appellate court erred in finding the trial court committed harmless error in continuing with closing arguments in Petitioner's absence, thereby violating his constitutional right to a fair trial.   (Petition at 11.) Specifically, Petitioner contends that he was unable to be present at the only stage of trial where he could assist his lawyer in arguing his case before the jury. (Petition at 11-12.)

Respondent argues that the state appellate court properly concluded that the trial court's continuation with closing arguments in Petitioner's absence was not prejudicial because nothing in the record suggests that Petitioner would have been able to assist defense counsel in any way during closing arguments. (Answer at 12.)  Therefore, Respondent contends the state appellate court appropriately determined that the trial court's error in proceeding with closing arguments in Petitioner's absence was harmless beyond a reasonable doubt.  Respondent further asserts that the state appellate court's resolution of Petitioner's claim is entitled to deference because it was not contrary to, and did not involve an unreasonable application of, clearly established United States Supreme Court precedent and was not based on an unreasonable determination of facts. (Answer at 12.)

The Sixth Amendment requires a defendant's presence when testimony is presented against him.  This right to be present at all stages of trial has also been extended under the Due Process Clause where [Petitioner's] absence might frustrate the fairness of the proceedings." *Faretta v.*

*California*, 422 U.S. 806, 819 (1975); *see also United States v. Gagnon*, 470 U.S. 522, 526 (1985). A district court's decision to proceed with trial without a defendant is reviewed at the appellate court level under an abuse of discretion standard, and its factual finding that a defendant was voluntarily absent will not be disturbed unless it is clearly erroneous. *United States v. Camacho*, 955 F.2d 950, 953 (4th Cir. 1992). An erroneous finding that a defendant was voluntarily absent is subject to harmless error analysis. *See Rogers v. United States*, 422 U.S. 35, 40 (1975); *United States v. Wallingford*, 82 F.3d 278, 280 (8th Cir. 1996); *United States v. Guyon*, 27 F.3d 723, 727 (1st Cir. 1994); *United States v. Krout*, 56 F.3d 643, 646 (5th Cir. 1995); *United States v. Harris*, 814 F.2d 155, 157 (4th Cir. 1987).

*Chapman v. California,* 386 U.S. 18 (1967), sets forth the process for analyzing whether an error is harmless beyond a reasonable doubt. In *Chapman*, the court found that some convictions may contain constitutional errors which, in the setting of a particular case, are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless and will not require automatic reversal of the conviction. *Id*. at 22. The court in *Chapman* emphasized that the error had to be harmless beyond a reasonable doubt. *Id*. at 23.

Here, the state appellate court correctly applied the *Chapman* error analysis and found that the trial court's error in proceeding with closing arguments in Petitioner's absence was harmless beyond a reasonable doubt. (Lodgment 8 at 15.) Indeed, the record reflects that Petitioner failed to indicate he had information or insight which would have been helpful to his counsel during closing argument. (Lodgment 4 at 166-215.) Accordingly, the state appellate court appropriately rejected Petitioner's contention that he may have been able to assist his counsel during closing because there is no evidence in the record to support Petitioner's contention. (Lodgment 8 at 15.) In addition, the state appellate court emphasized that the trial court made an admonition which was adequate to guard against any prejudice that might have resulted from potential speculation by the

jury regarding the reason for Petitioner's absence. *Id.*

Petitioner has failed to demonstrate that the state appellate court's analysis under *Chapman* was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or based on an unreasonable determination of the facts.  Additionally, Petitioner has not shown that the facts relied on by the state court in determining his claim rests are unreasonable. Accordingly, the state appellate court's resolution of Petitioner's claim is entitled to deference under AEDPA. *Inthavong v. Lamarque*, 420 F.3d 1055, 1061-62 (9th Cir. 2005).   It is, therefore, recommended that Petitioner's Sixth Amendment claim be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 2254(d).

**C.     Prosecutor's Comment During Closing Arguments**

Petitioner also contends the prosecutor committed misconduct when she referred to her state bar license number while discussing the credibility of the victim's testimony during rebuttal closing argument. (Petition at 4.)  Petitioner further contends that his failure to raise a timely objection at trial did not forfeit his claim on appeal because it is unlikely that any admonition to the jury would have eliminated any prejudice caused by the prosecutor's comment. (*Id.*)

Respondent argues that Petitioner procedurally defaulted his claim of prosecutorial misconduct when Petitioner failed to raise a contemporaneous objection at trial. (Answer at 14.) As a result, Respondent contends Petitioner's claim was forfeited on appeal. (*Id.*)  In addition, Respondent argues Petitioner should not be entitled to habeas relief because the prosecutor did not "vouch" for a witness.  (*Id.*)

Under California law, a defendant must object to impermissible prosecutorial vouching in a timely manner when an admonition from the trial court to the jury would cure potential prejudice. *See e.g. People v. Johnson*, 3 Cal. 4th 1183, 1224 (Cal. 1992); *People v. Hardy*, 2 Cal. 4th 86, 171 (Cal. 1992); *People v. Fierro*, 1 Cal. 4th 173, 211 (Cal. 1991). A defendant's motion for a new trial

does not provide the trial court with the opportunity to cure potential prejudice through an admonishment to the jury, and therefore, does not constitute or preserve a prosecutorial misconduct objection. *People v. Williams*, 16 Cal. 4th 153, 254 (Cal. 1997).

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural default such as California's contemporaneous objection rule. *Lee v. Kemna*, 534 U.S. 362, 375 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The state procedural bar must be "independent" of the federal question and "adequate to support the judgment." *Lee*, 534 U.S. at 375 (quoting *Coleman*, 501 U.S. at 729.) A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an "adequate" bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 423-34 (1991); *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999).

The United States Court of Appeals for the Ninth Circuit has held that California's contemporaneous objection rule, which requires objection at the time of trial to preserve an issue for appeal, is an adequate procedural bar. *See Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005); *Jackson v. Giurbino*, 364 F.3d 1002, 1006-07 (9th Cir. 2004). The contemporaneous objection rule is applied independent of federal law. *See Vansickel v. White*, 166 F.3d 953, 957-58 (9th Cir.1999) (recognizing and applying California's contemporaneous objection rule in affirming denial of a federal petition of the ground of procedural default.) Moreover, as the Ninth Circuit has recognized, California courts have consistently applied the contemporaneous objection rule.

*Melendez v. Pliler*, 288 F.3d 1120, 1125 (9th Cir. 2002).

Unless Petitioner shows cause for the default and actual prejudice as a result of the alleged constitutional violation, or demonstrates that the failure to consider the claim on the merits will result in a fundamental miscarriage of justice, federal habeas corpus review is precluded. *Edward vs. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

The existence of "cause" for a procedural default turns on whether the petitioner can show some objective factor external to the defense impeded efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, (1986); *Coleman*, 501 U.S. at 750. Ineffective assistance of counsel in failing to properly preserve a claim for review in the state court may constitute "cause" to excuse a procedural default. But, in order to do so, counsel's incompetency must have been of such a degree as to violate the federal Constitution. *Edwards* 529 U.S. at 451. "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim" must be of such a degree as to "itself [constitute] an independent constitutional claim." *Id.*; see also *Hiivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999).

To establish the requisite 'prejudice' resulting from a procedural default, a habeas corpus petitioner bears the burden of showing not merely that the error at his trial indicates a possibility of prejudice, but that it worked to his actual and substantial disadvantage, infecting his entire trial with an error of constitutional dimension. *United States v. Frady*, 456 U.S. 152, 170 (1982).

In order to demonstrate that the "miscarriage of justice" exception applies, a petitioner must show that the alleged constitutional error probably resulted in the conviction of a person actually innocent. *Sawyer v. Whitley*, 505 U.S. 333, 338-40, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992); *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

In this case, the state court of appeal's application of California's contemporaneous

objection rule precludes federal review of Petitioner's claim of prosecutorial misconduct.  The contemporaneous objection rule is an independent state bar because it is not interwoven with federal law or dependent upon a federal constitutional ruling.  *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  It is also an adequate state bar because it was firmly established and regularly applied at the time it was invoked by the state court.  *Melendez v. Pliler*, 288 F.3d 1120, 1125 (9th Cir. 2002).

The exceptions allowing federal habeas corpus review despite a state court's denial of relief based on procedural default do not apply in the instant case.  Petitioner has not shown that his counsel's failure to object to the prosecutor's comments at trial constitute a level of incompetency such as to violate the federal Constitution.  In addition to his failure to demonstrate cause, Plaintiff has not established actual prejudice.  Plaintiff has presented no facts to indicate that the Prosecutor's comments during the rebuttal closing argument stage of the trial had the effect of infecting Petitioner's entire trial with an error of constitutional dimension.  Instead, the facts indicate that the Prosecutor's comment was ambiguous.  (Lodgment 8 at 19.)   In fact, defense counsel admitted to having a delayed reaction to the prosecutor's statements and, therefore, refrained from objecting because he failed to interpret the prosecutor's comment as "vouching" for the credibility of a witness.  (Lodgment 4 at 233.)

Petitioner has also failed to demonstrate that the "miscarriage of justice" exception applies.  Petitioner has not shown that the prosecutor's reference to her bar number during rebuttal closing argument resulted in the conviction of an innocent person.  At trial, Amber W.'s testimony was independently substantiated by: (1) a sexual assault examination which revealed Amber W. sustained injuries that were consistent with nonconsensual sex, and (2) by Petitioner's DNA, which was found on the driver's seat of Amber W.'s car and on a vaginal swab of Amber W.  (2

RT 104-106, 108, 123-28; 3 RT 149-50.)

The state appellate court's application of California's contemporaneous objection rule precludes federal review of Petitioner's claim of prosecutorial misconduct. A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural default such as California's contemporaneous objection rule. *Lee*, 534 U.S. at 375; *Coleman*, 501 U.S. at 731-32. Plaintiff has not shown the exceptions necessary to set aside the procedural bar are applicable here. Therefore, it is recommended that Petitioner's claim of prosecutorial misconduct be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 2254(d).

## VI.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the Petition be **DISMISSED** with prejudice. This report and recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

**IT IS ORDERED** that no later than ***December 29, 2006,*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***January 19, 2007***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: December 1, 2006

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

cc:

HONORABLE DANA M. SABRAW
PRISONER *PRO SE*
ALL COUNSEL OF RECORD